UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAVID GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1187 |
| | ) | |
| ROB JEFFREYS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Centralia Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff filed an 80-page complaint against approximately 20 defendants located at two prisons appearing to allege that prison rules prevent him from keeping his legal and other paperwork inside his cell, that officials have failed to respond to his grievances, and that they have confiscated his pens on several occasions. Plaintiff alleges that the boxes designated for

grievances at the prisons are not appropriately sized to accept grievances containing a large number of pages, that prison officials will not accept copies of grievances or grievances written in pencil, and that prison officials have failed to simplify the grievance process to accommodate inmates with mental illness. Plaintiff alleges that he is forced to disclose private medical information in grievances to exhaust his administrative remedies in violation of the Health Insurance Portability and Accountability Act (HIPAA).

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available remedies prior to filing suit, but the Act does not require prisoners to exhaust administrative remedies that have become unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). If, as Plaintiff alleges, officials at his former and current prisons have frustrated his abilities to utilize the grievance process, the alleged conduct relieves Plaintiff of his duty to pursue any step officials have made unavailable without implicating any constitutional rights Plaintiff may have.

Plaintiff's allegations do not permit a plausible inference that officials have deprived him of writing utensils and paper or restricted his ability to communicate, or that prison rules restricting the amount of paper he may keep in his cell resulted in adverse rulings in any pending lawsuit. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (access-to-the-courts' claim requires showing of legal detriment). Any denial of access to the grievance process that Plaintiff experiences does not yet appear to have resulted because of any disability Plaintiff may have, and HIPAA does not authorize a private cause of action. *Hildreth v. Butler*, 960 F.3d 420, 430-

31 (7th Cir. 2020) (ADA claim requirements); *Scheit v. Schmaling*, 2023 WL 2787982, at *3 (E.D. Wis., filed Apr. 5, 2023) ("Under HIPAA, there is no express language conferring a private right or remedy for disclosure of confidential medical information. Thus, courts have held that HIPAA did not create a private cause of action or enforceable right for purposes of suit under 42 U.S.C. § 1983." (internal citations omitted)).

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider. Plaintiff is advised that Fed. R. Civ. P. 8 requires only a "short and plain" statement of the facts in a complaint, and that his claims against officials at different facilities likely require him to file separate lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

**Plaintiff's Motion for Extension of Time (Doc. 12)**

Plaintiff requests an extension of time in this case so that he may address issues in another pending lawsuit and because of a heatwave in central Illinois. The Court cannot determine which deadline Plaintiff seeks to extend as there are no deadlines currently pending. The motion is granted to the extent that Plaintiff seeks an extension to file any amended complaint and denied as to any other relief requested. The Court will extend the deadline to file an amended complaint from 30 days to 60 days as indicated below.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff indicates that he graduated high school. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to clarify his claims in any amended complaint he files. Plaintiff also asserts a mental health issue that appears to affect his memory. The Court does not have enough information at this point to determine how it will affect his ability to litigate this case. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [5] is DENIED with leave to renew.**

2) **Plaintiff's Motion [12] is GRANTED in part and DENIED in part.**

3) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 60 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**4) Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 10th day of October, 2023.

>                  *s/Sara Darrrow*
>                  SARA DARROW
>            CHIEF U.S. DISTRICT JUDGE