UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 23-1187 |
| | ) |
| ROB JEFFREYS, SHERRY BENTON, CLAYTON STEPHENSON, JOHN AND JANE DOES-WEXFORD, JOHN AND JANE DOES-GRIEVANCE OFFICERS, DURBIN, MALLORIE KENNEDY, CASTILLO-BEMONT, JOHN/JANE DOE WARDEN, JANE DOE NURSE, JOHN/JANE DOE-HCU ADMINISTRATOR, AMY WYKES, JOHN/JANE DOES GRIEVANCE OFFICERS, ANGELA KOHRMAN, SIMS, JEFFREY STRUBHART, DANIEL MORGAN, JOHN/JANE DOE – HCU ADMINISTRATOR #2, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 15). The Court later granted Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 28); Text Order entered Sept. 26, 2024. While Plaintiff's amended complaint was pending screening pursuant to 28 U.S.C. § 1915A, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, which is now before the Court for ruling. (Doc. 47). The motion is granted.

The Court must "screen" Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff alleges that he suffers from mental health conditions including Obsessive Compulsive Disorder, Attention Deficit Disorder, an eating disorder, and Personality Disorder. He alleges that prison officials require strict "cell compliance" that prevents him from keeping approximately 95% of his legal paperwork inside his cell. He alleges that prison officials have failed to provide grievance forms on occasion, confiscated his pens on three occasions, and have refused to accept copies of grievances or grievances written in pencil. Plaintiff alleges that some of the receptacles at the prison designated for grievances are not adequately sized to accept grievances containing a large number of pages and that officials have refused to accept grievances via alternative means. Plaintiff alleges that prison officials did not respond to grievances.

Plaintiff alleges that from August 2024, when defendants in another case filed a motion for summary judgment on the issue of exhaustion of administrative remedies, until he was paroled on January 2, 2025, prison officials "kept issuing plaintiff numerous prison call passes, EATING UP plaintiff's time." (Doc. 47-1 at 34). Plaintiff alleges that the district judge in that case granted the motion and dismissed two defendants without prejudice on February 3, 2025.

Plaintiff alleges that he was not able to respond to the summary judgment motion for lack of time.

The district judge in the case Plaintiff cites in his complaint dismissed Plaintiff's claims against two defendants without prejudice for failure to exhaust administrative remedies. *Garcia v. Durbin et al*, No. 22-cv-1283, ECF No. 215 (C.D. Ill., filed Feb. 3, 2025). The docket in that case discloses that Plaintiff filed a combined ten motions and other documents from August 2024 until December 2024. *Id.*, ECF Nos. 193, 195, 196, 198, 201, 202, 203, 204, 205, 206, 207, 208, 209. These included partial summary judgment responses and motions requesting additional time to supplement his response, which the court granted with the caveat that no further extensions would be granted past the January 13, 2025, deadline. *Id.*, Text Order entered Dec. 13, 2024 (firm response deadline set for January 13, 2025). Plaintiff filed four documents with the court in the ten days that elapsed between his release from prison and the response deadline, none of which included a supplemental response. *Id.*, ECF Nos. 211-214. In ruling on the motion for summary judgment, the court considered all exhibits and addressed any potential arguments that the process became unavailable to Plaintiff. *Id.*, ECF No. 215 at 8-10.

## DISCUSSION

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available remedies prior to filing suit, but the Act does not require prisoners to exhaust administrative remedies that have become unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). If, as Plaintiff alleges, officials at his former prisons have frustrated his abilities to

utilize the grievance process, the alleged conduct relieves Plaintiff of his duty to pursue any step officials have made unavailable without implicating any constitutional rights Plaintiff may have.

A First Amendment access-to-the-courts claim requires a plaintiff to plausibly allege that prison officials' conduct prejudiced an otherwise meritorious claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff alleges that he suffered legal injury when prison officials kept issuing call passes, thus preventing him from preparing a summary judgment response in his other lawsuit. But the record in that case discloses that Plaintiff filed a partial response and that the court considered any potentially meritorious argument he may have had regarding the availability of administrative remedies. Plaintiff's allegations do not permit a plausible inference that his failure to file a response resulted from his alleged inability to utilize the grievance process or anything other than Plaintiff's decision to spend the time available to pursue other aspects of the case. Notwithstanding the call passes, Plaintiff had ten days to file a response following his release from custody.

No plausible inference arises that Plaintiff's mental health conditions caused any lack of access to the grievance process he experienced during his incarceration as required to state a claim pursuant to the Americans with Disabilities Act. *Hildreth v. Butler*, 960 F.3d 420, 430-31 (7th Cir. 2020) (ADA claim requirements). Plaintiff's allegations also do not permit a plausible inference that prison officials treated him differently than other prisoners for purposes of an equal protection claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). Plaintiff's allegations that prison officials and officials from the prison's medical contractor have colluded to deny medical care for monetary gain are too speculative to permit a plausible inference that the conduct violated Plaintiff's Eighth Amendment rights.

The Court finds that Plaintiff fails to state a claim upon which relief may be granted, and that any amendment would be futile. Because Plaintiff has failed to state a claim despite multiple opportunities to cure any defects, the Court will dismiss this case accordingly.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [47] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of April, 2025.

_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE